IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>THE ELECTRONIC DEVICES DESCRIBED IN ATTACHMENT A, CURRENTLY LOCATED AT FBI WASHINGTON NORTHERN VIRGINIA RESIDENT AGENCY, 9325 DISCOVERY BOULEVARD, MANASSAS, VIRGINIA 20109 | Case No. 1:26-SW-890 |

**AFFIDAVIT IN SUPPORT OF A**
**AN APPLICATION FOR A SEARCH AND SEIZURE WARRANT**

I, Michael E. Holbrook, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and I have been so employed since 2013. As part of my duties as a Special Agent, I am assigned to investigate violations of federal law, including the online sexual exploitation of children. This includes violations pertaining to illegal possession, receipt, distribution, transmission, advertisement, and production of material depicting the sexual exploitation of minors. I have training and experience in the enforcement of the laws of the United States, including the preparation, presentation, and service of subpoenas, affidavits, criminal complaints, search warrants, and arrest warrants. As a federal agent, I am authorized to investigate violations of laws of the United States and, as a law enforcement officer, I am authorized to execute warrants issued under the authority of the United States.

2. I also have training and experience in the area of child pornography and child exploitation, and I have had the opportunity to observe and review numerous examples of child

pornography (as defined in 18 U.S.C. § 2252), including computer media. Through my experience and training, I can typically identify child pornography when I see it.

3. The facts and information in this affidavit are based upon information that I obtained during this investigation and information that has been provided to me by other law enforcement sources. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for this application.

4. Based on my training and experience and the facts as set forth in this affidavit, I submit there is probable cause to believe that BRYAN BARAHONA-PERAZA ("BARAHONA"), a resident of Bristow, Virginia, has committed violations of 18 U.S.C. § 2252(a)(2), (a)(4)(B), and (b) (possession and receipt of child pornography, and attempt to commit the same). I submit that probable cause exists to believe that evidence of these violations exists in the data described in Attachment A. I further submit there is probable cause to search the data described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes as further described in Attachment B.

## IDENTIFICATION OF TARGET DEVICES AND DATA TO BE EXAMINED

5. As further described below, beginning in or around November 2025, the Fairfax County Police Department (the "FCPD") responded to a complaint regarding sexual offenses committed against a juvenile (the "MINOR VICTIM") living in Fairfax County. The FCPD identified BARAHONA and arrested him for possession of child pornography. On or about August 15, 2026, the FCPD referred the investigation to the FBI, based on evidence of the existence of

additional minor victims outside of their jurisdiction. In doing so, the FCPD provided me with their case file which included the following electronic devices (collectively, the "DEVICES"):

a. Black Seagate Hard Drive Serial Number NAE700Y7, containing the FCPD case file, including search warrant returns for the following Google accounts, which Google provided to the FCPD pursuant to a state search warrant:

   i. bryanbarahonaperaza@gmail.com
   ii. barahonabryan89@gmail.com
   iii. bearperaza89@gmail.com
   iv. bearraider89@gmail.com
   v. bigbabybear89@gmail.com
   vi. bryan89.relg@gmail.com
   vii. bryanbarahona758@gmail.com
   viii. bryanbarahonaperaza@gmail.com
   ix. bryanperaza269@gmail.com
   x. imjustabear89@gmail.com
   xi. redhoodbatman89@gmail.com

b. Black Western Digital Hard Drive Serial WX82EC00JM3A containing the forensic extraction of Samsung A15 Phone IMEI 355030769650159 (which was seized from BARAHONA's residence pursuant to a state search warrant) and the search warrant return for Snapchat accounts "bearraider89" and "bendingbear89," which Snapchat provided the FCPD pursuant to a state search warrant.

c. Samsung A15 Phone IMEI 355030769650159 (the "Samsung A15").

d. PlayStation 4 with Unique Identifier MB724882371, which was seized from BARAHONA's residence pursuant to a state search warrant.

e. Blue and Black Seagate Hard Drive Serial Number NA9J69SJ, which was seized from BARAHONA's residence pursuant to a state search warrant.

f. Black LG Tablet, which was seized from BARAHONA's residence pursuant to a state search warrant.

g. Silver Samsung Phone IMEI 355417098410092, which was seized from BARAHONA's residence pursuant to a state search warrant.

h. Black Samsung Phone IMEI 357014536576101, which was seized from BARAHONA's residence pursuant to a state search warrant.

i. Black Seagate Hard Drive Serial Number NZ0L506T, which was seized from BARAHONA's residence pursuant to a state search warrant.

j. Pink Genesis Tower Computer, which was seized from BARAHONA's residence pursuant to a state search warrant.

6. With this warrant, I am seeking authorization to examine and, to the extent necessary, forensically extract the DEVICES, and their contents, as described in Attachment A. Although I do not believe that a warrant is necessary to search these devices due to the original state search warrants, I seek one out of an abundance of caution and to be certain that any examination of the records will comply with the Fourth Amendment and other applicable laws.

**STATUTORY AUTHORITY AND DEFINITIONS**

7. 18 U.S.C. § 2252(a)(2), (a)(4)(B), and (b) prohibit any person from knowingly possessing, receiving, or distributing, or attempting to possess, receive or distribute, any visual depiction using any means or facility of interstate or foreign commerce, or that has been mailed or

shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

8. The term "minor," as defined in 18 U.S.C. § 2256(1), means any person under the age of 18 years.

9. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data that is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

10. The term "child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

11. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the internet must be assigned an IP address so that internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most internet service

providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

## SUMMARY OF PROBABLE CAUSE

### A. FCPD Investigation

12. On or about November 26, 2025, the FCPD responded to a complaint regarding sexual offenses committed against the MINOR VICTIM. The MINOR VICTIM's parents surrendered custody of the MINOR VICTIM's phone to the FCPD, which reviewed it for evidence of child sexual abuse material ("CSAM"). Upon review, the FCPD discovered that the MINOR VICTIM had been communicating with BARAHONA, an adult male. During an interview, the MINOR VICTIM stated they had met with BARAHONA in person on three occasions, during which BARAHONA made attempts to engage in sexual acts with the MINOR VICTIM. The MINOR VICTIM communicated with BARAHONA via Snapchat and Discord, and they also exchanged text messages. According to the MINOR VICTIM, in these communications, BARAHONA asked the MINOR VICTIM to take pictures of themselves naked, to engage in sex acts, and to act like a dog. I have not yet been able to locate these communications.

13. The FCPD investigated the phone number BARAHONA was using to communicate with the MINOR VICTIM. This phone number resolved to a TextNow account with subscriber email address redhoodbatman89@gmail.com and a Comcast IP address. The Comcast IP address subscriber information resolved to BARAHONA at an address in Bristow, Virginia (the "Residence"), located within the Eastern District of Virginia.

### B. NCMEC Cybertips

14. The FCPD sent a request to the National Center for Missing and Exploited Children ("NCMEC") to query various identifiers known to be associated with BARAHONA, including

email address redhoodbatman89@gmail.com, which turned up four CyberTips. One of these CyberTips, dated January 11, 2022, was reported by Snapchat and included one file of suspected child pornography. A second CyberTip, dated August 2022, was reported by Instagram and listed email address redhoodbatman89@gmail.com (with username dumplingcum89) as a recipient of child pornography.

**C. Arrest of BARAHONA**

15. On or about December 23, 2025, the FCPD executed a state search warrant at the Residence and arrested BARAHONA. During the search, the FCPD seized the devices identified above in paragraphs 5(c) through 5(j). These devices were suspected to belong to BARAHONA because they were located in his basement bedroom, which only he resided in. The Samsung A15 was located on his person, and he provided the password to unlock it[1] The FCPD forensically reviewed the Samsung A15, which revealed Snapchat, Discord, and Kik application messages between BARAHONA and others, who appeared to be between the ages of fourteen and seventeen years old. Chat conversations appeared to feature BARAHONA soliciting minors for sexually explicit images and videos in exchange for money. The FCPD also observed some Snapchat conversations with juvenile user accounts that expressly listed their age. The FCPD was able to locate screenshots of Snapchat conversations with the MINOR VICTIM showing the nude photographs he instructed her to produce.

**D. Referral to FBI**

16. On or about August 15, 2026, the FCPD referred the investigation to the FBI, based on indications from a review of BARAHONA's phone (and other evidence) that he had sexually

[1] There were two other occupants in the residence; however, BARAHONA was the only occupant of the basement bedroom. The basement bedroom was able to be locked from the inside.

exploited additional minor victims outside of their jurisdiction. The FCPD provided me with their case file and the DEVICES.

## CONCLUSION

17. Based on the information set forth above, I submit that this affidavit supports probable cause to believe that the DEVICES contain evidence, fruits, instrumentalities, and/or contraband related to violations of 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), and (b) (possession and receipt of child pornography, and attempt to commit the same). I therefore request that the Court issue the proposed search warrant authorizing search and seizure of the DEVICES, and their contents, as further described in Attachment A, in order to seek the items described in Attachment B.

Respectfully submitted,

Michael E. Holbrook, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to in accordance with Fed. R. Crim. P. 4.1 by telephone on November 10, 2026:

The Honorable William E. Fitzpatrick
United States Magistrate Judge
Alexandria, Virginia

**ATTACHMENT A**
**Property to Be Searched**

1. The property to be searched consists of the following electronic devices, which were previously seized through a state search warrant or contain material seized through state search warrants (collectively, the "DEVICES"):

   a. Black Seagate Hard Drive Serial Number NAE700Y7, containing the Fairfax County Police Department case file information, including search warrant returns for Google accounts:

      i. bryanbarahonaperaza@gmail.com
      ii. barahonabryan89@gmail.com
      iii. bearperaza89@gmail.com
      iv. bearraider89@gmail.com
      v. bigbabybear89@gmail.com
      vi. bryan89.relg@gmail.com
      vii. bryanbarahona758@gmail.com
      viii. bryanbarahonaperaza@gmail.com
      ix. bryanperaza269@gmail.com
      x. imjustabear89@gmail.com
      xi. redhoodbatman89@gmail.com

   b. Black Western Digital Hard Drive Serial WX82EC00JM3A containing the forensic extraction of Samsung A15 Phone IMEI 355030769650159 and the search warrant return for Snapchat accounts "bearraider89" and "bendingbear89."

   c. Samsung A15 Phone IMEI 355030769650159.

   d. PlayStation 4 with Unique Identifier MB724882371.

e. Blue and Black Seagate Hard Drive Serial Number NA9J69SJ.

f. Black LG Tablet.

g. Silver Samsung Phone IMEI 355417098410092.

h. Black Samsung Phone IMEI 357014536576101.

i. Black Seagate Hard Drive Serial Number NZ0L506T.

j. Pink Genesis Tower Computer.

2. The requested warrant would authorize the forensic examination, including, to the extent necessary, the forensic extraction, of the DEVICES for the purpose of identifying the electronically stored data particularly described in Attachment B.

**ATTACHMENT B**
**Particular Things to be Seized**

1. All records from the DEVICES, as described in Attachment A, that constitute fruits, evidence, and instrumentalities of violations of 18 U.S.C. § 2252(a)(2), (a)(4)(B), and (b) (possession and receipt of child pornography, and attempt to commit the same) and involve BRYAN BARAHONA-PERAZA, including:

a. Child pornography, as defined in Title 18, United States Code, Section 2256(8), in any form.

b. Child erotica, or other images of children who may be victims of the above-listed violations, in any form.

c. Any communications with minors or individuals whose ages are unknown and could potentially be minors.

d. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, discussing, referencing, or serving to identify potential minor victims.

e. Any and all information, notes, documents, records, or correspondence, in any format or medium, pertaining to child pornography, sexual activity with minors, and/or a sexual interest in minors, including communications with minors.

f. Records and information that constitute evidence of the state of mind of BARAHONA, e.g., intent, absence of mistake, preparation or planning, or knowledge and experience, related to the criminal activity under investigation.

g. Records and information that constitute evidence concerning any persons who communicated with BARAHONA about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

2. If the government identifies seized materials that are potentially attorney-client privileged or subject to the work-product doctrine ("Protected Materials"), the Prosecution Team will discontinue review until a Filter Team of government attorneys and agents is established. The Filter Team will have no future involvement in the investigation of this matter. The Filter Team will review seized communications and segregate potential Protected Materials. At no time will the Filter Team advise the Prosecution Team of the substance of any potential Protected Materials. The Filter Team then will provide all communications that are not potential Protected Materials to the Prosecution Team and the Prosecution Team may resume its review. If the Filter Team concludes that any of the potential Protected Materials are not protected, the Filter Team must obtain either agreement from defense counsel/counsel for the privilege holder or a court order before providing these potential Protected Materials to the Prosecution Team. The investigative team may continue to review any information not segregated as potentially privileged.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.